IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:05cv86

| | |
|---|---|
| JACK V. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| JOHN M. DUFFEY; JOHN SHAW; and JAY ) | |
| W. ALLEN, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on defendants' Motion to Dismiss (#24), plaintiff's Memorandum in Opposition (#26), and defendants' Reply (#27). From an initial review of the pleadings, it appears that since the filing of this action, plaintiff has filed a petition with the United States Bankruptcy Court for the Western District of North Carolina, seeking protection Chapter 11 of the Bankruptcy Code. See In re Jack V. Smith, 06-10223 (W.D.N.C. April 5, 2006). Two days after plaintiff filed his response opposing dismissal of this action, the bankruptcy court appointed a Trustee for the plaintiff's Bankruptcy Estate. (Bankruptcy Docket Entry #44).

As a procedural matter, the court will now withdraw reference from the United States Bankruptcy Court of such portion of the bankruptcy base case as is necessary to grant relief from the automatic stay to this court, all in accordance with 28, United States Code, Sections 157(d) & 636(b)(1)(A).[1] Relief from stay is, therefore, granted to the extent necessary to dispose of the above captioned case.

Relief from stay having been granted, it appears that a cause of action, such as this,

---

[1] The undersigned has withdrawn such reference in accordance with leave obtained from the district court in furtherance of its referral.

is considered to be property of the bankruptcy estate where, as here, the claim existed at the commencement of the filing of the bankruptcy action and the debtor could have asserted the claim on his own behalf under state law. Butner v. United States, 440 U.S. 48, 54 (1979). While the court appreciates plaintiff's and his attorney's efforts in timely responding to defendants' motion, it now appears that this action is now property of the Chapter 11 Estate. On June 21, 2006, Honorable George R. Hodges, United States Bankruptcy Judge, appointed Mr. Mark Tolson, C.P.A., as Trustee. Mr. Tolson, in his capacity as Trustee, will, therefore, be afforded an opportunity to intervene or otherwise respond to defendants' Motion to Dismiss prior to disposition of such motion by this court.

Mr. Tolson is advised that the court has before it a Motion to Dismiss which challenges (in the first instance) this court's jurisdiction over the persons of the defendants. Mr. Tolson is advised that if such Rule 12(b)(2) motion is granted, this action may be dismissed, but that it is the long standing practice in this district to transfer matters to districts where venue would be properly laid. In this case, that district would be the Northern District of Illinois, which would likely be more expensive for the Estate due to the travel required and, perhaps, the employment of local counsel. Mr. Tolson is further advised that if this matter survives defendants' Rule 12(b)(2) motion, the court would then consider whether plaintiff has stated causes of action under Rule 12(b)(6).

**ORDER**

**IT IS, THEREFORE, ORDERED** that

(1) in accordance with 28, United States Code, Sections 157(d) and Section 636(b)(1)(A), and upon direction of the district court, reference of this matter to the United States Bankruptcy Court for the Western District of North

Carolina is, respectfully, **WITHDRAWN IN PART**, to the extent necessary to grant to this court relief from the automatic stay so as to dispose of the above captioned civil action;

(2) Relief from the automatic stay is, therefore, **GRANTED** to this court to the extent necessary to dispose of matters now pending in the above captioned civil action; and

(3) the Chapter 11 Trustee, Mr. Mark Tolson, C.P.A., is **GRANTED** ten (10) days from receipt of this Order to either intervene or respond to defendants' Motion to Dismiss (#24).

The Clerk of this Court is directed to certify a copy of this Order to the United States Bankruptcy Court for the Western District of North Carolina for filing in In re Jack V. Smith, 06-10223.

The Clerk of the Bankruptcy Court is, respectfully, instructed to serve a copy of this Order on the Trustee in a manner that will make it readily apparent that a response on his part is required.

Signed: July 6, 2006

Dennis L. Howell
United States Magistrate Judge