IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL NO. 1:05CV86

| | |
|---|---|
| JACK V. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | **MEMORANDUM AND** |
| ) | **ORDER OF DISMISSAL** |
| DADE BEHRING HOLDINGS, ) | |
| INC., a Delaware Corporation; ) | |
| JOHN M. DUFFEY; JOHN SHAW; ) | |
| and JAY W. ALLEN, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's objections to the Magistrate Judge's Memorandum and Recommendation and the Defendants' response thereto.

## I. BACKGROUND

Finding the Magistrate Judge's Memorandum and Recommendation contains a sufficient description of the alleged factual basis for this case, the Court incorporates that factual basis herein and will highlight only the

facts pertinent to resolution of the objections to the Memorandum and Recommendation.

Plaintiff, a resident of North Carolina, filed this action against Defendant Dade Behring Holdings, Inc. (Dade Behring) and its employees, Defendants John Duffey, John Shaw, and Jay Allen for alleged fraud, unfair and deceptive trade practices, and punitive damages arising out of a stock transaction between Plaintiff and Dade Behring.[1] **Complaint at 6-9.** Dade Behring is a Delaware corporation with its principal place of business in Illinois, and Duffey, Shaw, and Allen are all residents of Illinois. **Complaint at 1.** Plaintiff filed a motion to dismiss Defendant Dade Behring on March 1, 2006, which was granted by Order filed March 23, 2006. On April 5, 2006, Plaintiff filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Western District of North Carolina, listing as part of his personal property the present action against Defendants. **Exhibit A**, *attached to* **Plaintiff's Response to Motion to Dismiss, filed June 19, 2006, at 2.** Defendants subsequently filed a

---

[1] Plaintiff also filed claims specifically against Dade Behring for breach of contract and declaratory relief. **Complaint at 6, 9.** However, as Dade Behring is no longer a party to this action, the Court will not consider these claims.

motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (3), and (6) or, in the alternative, to transfer the case to the Northern District of Illinois.  **Defendants' Motion to Dismiss, filed June 2, 2006, at 1-2.**  Plaintiff opposed the motion, and by order of the Magistrate Judge, the trustee appointed for Plaintiff's Chapter 11 proceeding also filed a response to Defendants' motion to dismiss asking the Court to retain the present action in this District.  On September 11, 2006, the Magistrate Judge filed his Memorandum and Recommendation granting Defendants' motion to dismiss and denying the motion to transfer.  Plaintiff filed timely objections, and Defendants have responded to Plaintiff's objections.

## II.  STANDARD OF REVIEW

A party may file written objections to a magistrate judge's memorandum and recommendation within ten days after being served with a copy thereof.  **28 U.S.C. § 636(b)(1).**  "Any written objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections."  ***Thomas v. Westinghouse Savannah River Co.*, 21 F.Supp.2d 551, 560 (D.S.C. 1997);** *see also, Battle v. United States Parole Comm'n*, 834 F.2d 419,

421 (5th Cir. 1987) ("Parties filing objections must specifically identify those findings objected to.").  "Frivolous, conclusive or general objections need not be considered by the district court." *Id.* "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004); *see also Jones v. Hamidullah*, 2005 WL 3298966, at *3 (D.S.C. 2005) (noting a petitioner's objections to a magistrate's report were "on the whole without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [report].").  General or conclusive objections result not only in the loss of *de novo* review by the district court, but also in waiver of appellate review.  *Tyler v. Beinor*, 81 F. App'x 445, 446 (4th Cir. 2003); *United States v. Woods*, 64 F. App'x 398, 399 (4th Cir. 2003).  If proper objections are made, a district court will review the objections under a *de novo* standard. **28 U.S.C. § 636(b)(1)**.  Where no objection is made,

however, the Court need "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" ***Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), *cert. denied*, 126 S. Ct. 1033 (2006) (quoting Fed. R. Civ. P. 72, Advisory Committee note).**

### III.  ANALYSIS

Plaintiff specifically objects to the Magistrate Judge's finding that this Court does not have personal jurisdiction over the remaining individual Defendants.  **Plaintiff's Objections, at 2; Memorandum and Recommendation, at 5-16.**  Plaintiff argues that his bankruptcy filing, which occurred after the present action was filed, provides the Court with jurisdiction over the aforementioned stock options currently in dispute and thus gives this Court jurisdiction over the individual Defendants.  In the alternative, Plaintiff argues Defendants have sufficient minimum contacts with this forum to allow the Court to exercise personal jurisdiction over them.

Plaintiff brought this action against Defendants pursuant to 28 U.S.C. § 1332 due to the diversity of citizenship between the parties (North

Carolina versus Illinois citizens) and the matter in controversy exceeding $75,000.  **Complaint, at 2.**  However, despite the Court retaining jurisdiction over the subject matter of Plaintiff's action, the Court must also have personal jurisdiction over the individually named Defendants.

Personal jurisdiction is generally established in one of four ways: consent to jurisdiction by the defendant; service of process upon the defendant in the forum state; the defendant is domiciled in the forum state; and *via* the forum state's long arm statute.  **16 *Moore's Federal Practice*, §§ 108.20-108.23 (Matthew Bender 3d ed.).**  Defendants in the present case have not consented to this Court's jurisdiction, have not been served within this state, nor are they domiciled in this state.  Therefore, personal jurisdiction over these defendants can only exist by way of North Carolina's long arm statute.

The North Carolina Supreme Court has held, "[b]y the enactment of [the North Carolina long arm statute, N.C. Gen. Stat. § 1-75.4(1)(d)], it is apparent that the General Assembly intended to make available to the North Carolina courts the full jurisdictional powers permissible under federal due process." ***Dillon v. Numismatic Funding Corp.*, 291 N.C. 674, 676, 231 S.E.2d 629, 630 (1977).**  The Supreme Court of the United

States has held that due process allows a court to exercise personal jurisdiction over an individual if the individual has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" ***Int'l Shoe Co. v. State of Washington, Office of Unemployment Comp.*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940))**. Minimum contacts with a forum state cannot exist unless "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." ***Hanson v. Denckla*, 357 U.S. 235, 253 (1958).**

Personal jurisdiction can be either general or specific. ***Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.9 (1984).** General jurisdiction refers to a court's ability to exercise jurisdiction over a defendant based upon continuous, systematic, and substantial connections with the forum, whereas specific jurisdiction allows a court to adjudicate claims arising from a defendant's activities or contacts with the forum state. **16 *Moore's Federal Practice, supra*, at § 108.40.** As Plaintiff in the present case "readily admits that none of the individual Defendants actually

ever came to North Carolina," the only option for Plaintiff is to assert this Court has specific jurisdiction over these individual Defendants. **Plaintiff's Response to Motion to Dismiss, at 5.**

"When a controversy is related to or 'arises out of' a defendant's contacts with the forum, the Court has said that a 'relationship among the defendant, the forum, and the litigation' is the essential foundation of in personam jurisdiction." ***Helicopteros*, 466 U.S. at 414 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977))**. "Personal jurisdiction over an individual officer, director, or employee of a corporation does not automatically follow from personal jurisdiction over the corporation. . . . Personal jurisdiction must be based on an individual's personal contacts with or purposeful availment of the forum state." ***Harte-Hanks Direct Mktg./Baltimore, Inc. v. Varilease Tech. Fin. Group, Inc.*, 299 F.Supp.2d 505, 513-14 (D. Md. 2004).** Specifically, the Fourth Circuit has held that personal jurisdiction cannot be established based solely upon an individual's telephone calls or letters sent to the forum state. **See *Stover v. O'Connell Assoc., Inc.*, 84 F.3d 132, 137 (4th Cir. 1996).** "To conclude that such activity establishes presence in a state would upset generally held expectations . . . and redefine the nature of state sovereignty." ***Id.***

**(citing *Craig v. Gen. Fin. Corp.*, 504 F.Supp. 1033, 1038-39 (D. Md. 1981)).**

After reviewing the record, it is clear that this Court does not have personal jurisdiction over these individual Defendants. Because they are not subject to personal jurisdiction based solely on their corporate employer being subject to personal jurisdiction, Plaintiff would need to show Defendants have independently and purposefully availed themselves to this forum to create the minimum contacts necessary for a constitutional exercise of personal jurisdiction over them. Plaintiff has failed to meet this burden. The record only reflects the individual Defendants' scant actions made on behalf of their corporate employer, and the undersigned cannot find an independent basis to constitutionally exercise personal jurisdiction over them. **Defendant's Memorandum in Support of Motion to Dismiss, at 7-10; Plaintiff's Response to Motion to Dismiss, at 4-5.**

Plaintiff's argument that 28 U.S.C. § 1334 governs this Court's ability to exercise jurisdiction over Defendants is unpersuasive. Plaintiff argues that because he filed for Chapter 11 bankruptcy and listed the present action as a part of his property subject to bankruptcy protection, this Court has jurisdiction over the present action and over the Defendants due to

their involvement in the action.  **Plaintiff's Objections, at 2.**  This argument fails due to the statute's express language and the practical effect of Plaintiff's theory.  First, the statutory language of 28 U.S.C. § 1334 limits the Court's jurisdiction over Chapter 11 proceedings to only the *property* of the debtor.  **28 U.S.C. § 1334(e)(1) ("The district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction (1) of all the property, wherever located, of the debtor as of the commencement of such case, and of property of the estate[.]").**  Plaintiff's theory reads language into the statute which would expand the scope of § 1334, granting the Court jurisdiction over the debtor's property *and* personal tort claims against individuals associated with such property.  Clearly such a remedy is not provided for in the statute, and this Court refuses to broaden its reach.

Furthermore, were the Court to agree with Plaintiff's theory of jurisdiction, the practical application of personal jurisdiction would be subject to an incredible loophole.  Under Plaintiff's argument, if a court lacks personal jurisdiction over a defendant, all the plaintiff needs to do is file for bankruptcy and include in his or her list of protected property the case in question.  Not only would this allow plaintiffs and the court system

to ignore the notions of due process in establishing jurisdiction over non-resident defendants, but it would also allow plaintiffs to cure their jurisdictionally defective actions *after* they have filed the suit, as Plaintiff is attempting to do so here.[2] It is well established that "[t]he unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State," and thus the undersigned does not accept Plaintiff's argument that his separate filing of a bankruptcy action establishes jurisdiction over non-resident defendants who have virtually no relationship with North Carolina. **Hanson, 357 U.S. at 253; *see also World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980); *Chung v. NANA Dev. Corp.*, 783 F.2d 1124, 1127 (4th Cir. 1986).** Additionally, the Court notes that Plaintiff's complaint states the grounds for jurisdiction in this case are found in 28 U.S.C. § 1332 (diversity jurisdiction), and no where in the complaint does Plaintiff mention jurisdiction under § 1334. **Complaint, at 2.** Plaintiff is clearly attempting to create grounds for jurisdiction with his § 1334 argument after realizing his original complaint was insufficient under § 1332. Nevertheless, it remains

---

[2] Plaintiff filed the present action against Defendants on April 15, 2005, but did not file for Chapter 11 protection until April 5, 2006.

hard to imagine Congress enacted § 1334 with the intention of skirting the requirements of due process regarding a court's jurisdiction over individuals in diversity cases brought under § 1332, and thus the Court is not persuaded by Plaintiff's objection.

Because the Court finds it does not have personal jurisdiction over Defendants, Plaintiff's objections to the Magistrate Judge's additional recommendation to dismiss based upon a failure to state a claim are now moot.  Finally, after conducting a de novo review of Plaintiff's objection to the Magistrate Judge's recommendation to deny transfer of this action to the Northern District of Illinois, and considering Defendants – who originally moved for such relief – no longer desire the case to be transferred, the Court does not feel compelled to transfer the action.  Instead, the Court will not decide the issue, leaving Plaintiff with the option to refile in the proper forum.

**IT IS, THEREFORE, ORDERED** that Defendants' motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) is **GRANTED** and this matter is hereby **DISMISSED WITHOUT PREJUDICE** should Plaintiff elect to refile in the proper forum.

Signed: January 12, 2007

Lacy H. Thornburg
United States District Judge